Michael Rider Attorney for Glades County Board of County Commissioners Lake Placid
QUESTIONS:
1. May the surplus second gas tax funds be used by the county commission for the construction of roads within the city limits of an incorporated municipality located wholly within the county?
2. May the seventh-cent gas tax funds be used by the county commission for the construction of roads within the city limits of an incorporated municipality located wholly within the county?
SUMMARY:
The Board of County Commissioners of Glades County may use the surplus second gas tax funds for the acquisition and construction of roads within the `county road system' of Glades County, which is limited within the city limits of incorporated municipalities in that county to include only extensions of (county) collector roads into and through such municipalities. The Board of County Commissioners of Glades County may use the seventh-cent gas tax funds for the acquisition of rights-of-way and for the construction, reconstruction, operation, maintenance, and repair of transportation facilities, roads, and bridges within the `county road system' of Glades County, which is limited within the city limits of incorporated municipalities in that county to include only extensions of collector roads into and through such municipalities.
Your letter of inquiry and subsequent correspondence with this office indicate that the Glades County Board of County Commissioners is willing to assist in the construction of certain streets within the corporate limits of the City of Moore Haven, relying on ss. 206.47 and 206.60, F. S., as authority therefor. You further indicated that none of the streets or roads to be paved will be permanently owned or maintained by the county, although a few might qualify as collector roads under s.334.03(16), F. S. Section 334.03(24) defines `city street systems' to consist of all local roads within a municipality and all collector roads inside a municipality, which are not in the county road system. Before answering the specific questions raised by your letter of inquiry, it should be noted that the Florida Transportation Code (chs. 334-339 and 341, F. S.) divides the public roads in this state into four systems: the state highway system, the state park road system, the county road systems, and the city street systems. Section 335.01(2). The Department of Transportation and counties, cities, and other political subdivisions have been given the responsibility for the roads under their respective jurisdictions, except as otherwise provided by law. Section 335.04(4). The county commissioners of each county of this state have been given the responsibility for the county road systems within their respective counties under s. 336.02.
The Department of Transportation has been authorized under s. 335.04, F. S., to classify each and every public road in the state in a functional manner, according to the character of service each road provides in relation to the total road network and based on the definitions contained under s. 334.03, F. S. Pursuant to ss. 335.04(1) and 334.03 and Rule 14-12.03, F.A.C., the Department of Transportation has developed and distributed, to all the jurisdictions affected, maps and tabular listings indicating the existing state road system and identifying roads which, on the basis of their functional classification, are to be transferred to or from state responsibility. The Department of Transportation has also developed and distributed maps and listings which define the functionally classified county road and city street systems.
AS TO QUESTION 1:
Section 9(c)(5), Art. XII, State Const., and s. 206.47(7), F. S., govern the use and distribution of the second gas tax funds and restrict the use of surplus second gas tax funds to the acquisition and construction of roads within the county road system. See AGO's 079-43 and 079-104. This restriction of the use of surplus second gas tax funds to the `county road system' is further supported by s. 339.089, F. S., which provides as follows:
Use by counties of the surplus from the second gas tax. —
 (1) Any county which has agreed prior to July 1, 1977, by resolution, to use the surplus of the second gas tax to provide a connecting road to a planned interchange on the interstate system shall provide such connecting road.
 (2) Any surplus which is not otherwise used to provide connecting roads pursuant to subsection (1) shall be used on the county road system, as defined in s. 334.03(23). (Emphasis supplied.)
Collector roads inside a municipality which are not in the county road system are a part of the municipality's street system. See s.334.03(24) F. S.
It is therefore my opinion that surplus second gas tax funds must be used for the acquisition and construction of roads within the `county road system' and cannot be properly expended for the construction of any other roads.
The `county road system' is defined under s. 334.03(23), F. S., as follows:
 `County road system.' — The county road system of each county shall consist of all collector roads in the unincorporated areas and all extensions of such collector roads into and through any incorporated areas, all local roads in the unincorporated areas, and all urban minor arterials not in the state highway system. (Emphasis supplied.)
Thus, the only roads within an incorporated municipality of a county that fall within the definition of the `county road system' are extensions of (county) collector roads into and through any incorporated areas and urban minor arterials not in the state highway system. Collector roads, urban minor arterial roads, and the state highway system are defined respectively under subsections (16), (21), and (22) of s. 334.03, F. S.
I have been informed by the Department of Transportation that Glades County has no urban areas, as that term is defined under s.334.03(18), F.S. Based on this information, it appears that Glades County has no roads which would be classified as urban principal arterial roads or urban minor arterial roads, as those terms are defined respectively under s. 334.03(20) and (21). Therefore, the only roads within an incorporated municipality of Glades County which would be a part of the county road system would be extensions of (county) collector roads into and through the incorporated areas. In determining whether a road to be constructed within an incorporated municipality in the county would be an extension of a collector road and within the county road system, the Board of County Commissioners should consult the maps and listings prepared by the Department of Transportation, which define the functionally classified county road and city street systems within the county.
Accordingly, the Board of County Commissioners of Glades County can use surplus second gas tax funds for the construction of roads within the `county road system' of Glades County, which would be limited within the city limits of incorporated municipalities in the county to include only extensions of (county) collector roads into and through such municipalities.
AS TO QUESTION 2:
The use of the additional seventh-cent gas tax is governed by s.206.60(2)(b)1., F. S., which provides that the county commissioners shall use these funds solely for `the acquisition of rights-of-way; the construction, reconstruction, operation, maintenance, and repair of transportation facilities, roads and bridges therein . . . .' See also s. 206.60(2)(b)2., assigning to the county commission full responsibility for the maintenance of roads in the county road system. When s. 206.60 is read with ss.336.01 and 336.02, F. S., it becomes clear that the Legislature intended that the additional seventh-cent gas tax revenues be used for the `construction . . . of roads' relating to the `county road system.' Accordingly, the Board of County Commissioners of Glades County can use the additional seventh-cent gas tax funds for the construction of roads within the city limits of an incorporated municipality of the county, which are part of the `county road system,' as that term is defined and explained under question 1.
Prepared by: Cecil L. Davis, Jr., Assistant Attorney General
Michael K. Wilensky Legal Intern